Bennie W. SCOTT; Robert Reith; Timothy Connor; Wayne Abbey; John Figary; William P. Kelley; Francis A. Kotas; and Others Similarly Situated, Plaintiffs,

v.

COOPER INDUSTRIES—CROUSE HINDS DIVISION, Defendant.

No. 96–CV–404.

United States District Court, N.D. New York.

May 7, 1996.

Stefan D. Berg, Syracuse, NY, for Plaintiffs.

Bond, Schoeneck & King, L.L.P., Syracuse, NY, for Defendant; Stephen J. Vollmer, Thomas G. Eron, Virginia A. Piekarski, of counsel.

### AMENDED ORDER

HURD, United States Magistrate Judge.

### I. BACKGROUND

The plaintiffs, Bennie W. Scott, Robert Reith, Timothy Connor, Wayne Abbey, John Figary, William P. Kelley, Francis A. Kotas, and others similarly situated ("Plaintiffs"), originally commenced this action in New York State Supreme Court—Onondaga County, against defendant Cooper Industries—Crouse Hinds Division ("Cooper Industries") challenging the amount of benefits they received upon their termination from employment with the company. The plain-tiffs were receiving severance benefits through Cooper Industries' "Separation Allowance Plan for Salaried Employees" (the "Plan"), which defendant contends is an "employee welfare benefit plan" under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.A. §§ 1001–1461 (1985 & Supp.1996). The action was removed by Cooper Industries to this court pursuant to 28 U.S.C. § 1441(b). The plaintiffs now move to remand the action to State court on the grounds that it is purely a New York State Labor Law question, and that this court lacks jurisdiction to hear the action. Defendant opposes the motion on the basis that the plaintiffs' State law claims are preempted under ERISA.

### II. FACTS

The plaintiffs were employees of Cooper Industries who lost their positions due to a downsizing plan. Cooper Industries provided the plaintiffs with severance benefits under the Plan. The Plan was designed to provide a form of salary maintenance in order to assist the plaintiffs in their search for new employment. Cooper Industries uses the Plan for other similarly situated employees throughout the United States. The Plan has two levels. The first level provides a limited time for salary maintenance up to a maximum of five weeks. The second level provides for a more lengthy salary maintenance schedule for up to twenty-six weeks, but carries with it a waiver and release which prevents an employee from holding Cooper Industries liable for his or her unemployment. The plaintiffs in this action chose the second level of benefits offered by the defendant.

Since the plaintiffs were terminated through no fault of their own, they were also entitled to receive unemployment benefits under the Labor Laws of New York State, which they opted to collect. N.Y.Lab.Law § 501 (McKinney 1988). However, in a section entitled "Adjustment of Benefits," the second level of the Plan specifies that the total amount of benefits received by a former employee from all sources (including State unemployment insurance), could only amount to the total salary the employee was earning

prior to his or her termination. As a result, Cooper Industries subtracted the total amount of money received by the plaintiffs in State unemployment insurance payments from the severance benefits due the plaintiffs under the Plan. In the present action, the plaintiffs are seeking to recover the collective balance of benefits in the amount of $32,-881.00 which they contend was improperly deducted by Cooper Industries. In addition, the plaintiffs seek punitive damages and attorney's fees.

## III. *DISCUSSION*

### A. *The Complaint*

In the complaint, the plaintiffs assert that Cooper Industries violated various sections of the New York Labor Law. First, plaintiffs contend that the defendant violated N.Y.Lab.Law § 595(1) (McKinney 1988) because the Plan requires the waiver of benefits under the unemployment insurance law, an action prohibited by that section. Second, plaintiffs assert that the Plan is invalid under N.Y.Lab.Law § 570(6) (McKinney 1988), which specifically invalidates any agreements which require an employee to pay for any portion of unemployment insurance benefits for which that employee is eligible. Finally, plaintiffs contend that the actions of Cooper Industries violate the spirit of N.Y.Lab.Law § 501 which addresses the problem of unemployment in general.

■ The plaintiffs' claims appear to be based upon State law, but the remedy sought belies that conclusion. The plaintiffs cannot escape the fact that they are seeking to recover benefits under the Plan. Defendant correctly asserts that the plaintiffs are not seeking State unemployment insurance benefits through this action since they have already received those funds. Rather, the plaintiffs are seeking benefits through the Plan.

ERISA describes an "employee benefit plan" as:

[A]ny plan, fund, or program which was heretofore or is hereafter established or maintained by an employer ... to the extent that such plan, fund, or program was established or is maintained for the pur-

pose of providing for its participants or their beneficiaries ... benefits in the event of sickness, accident, disability, death, or unemployment.

29 U.S.C. § 1002(1). Since the Plan in question in this case was designed to assist employees who were affected by downsizing, it is clearly a plan that addresses unemployment, and therefore falls under § 1002(1) and is governed by federal ERISA law.

■ The plaintiffs assert that the Plan does not fall under § 1002(1), but rather falls under § 1003(b)(3). That section reads as follows: "(b) The provisions of this subchapter shall not apply to any employee benefit plan if—... (3) such plan is maintained *solely* for the purpose of complying with applicable workmen's compensation laws or unemployment compensation...." 29 U.S.C. § 1003(b) (emphasis added). The court is perplexed by the plaintiffs' assertion. The Plan in question is not maintained for the purpose of complying with unemployment compensation laws. Rather, it is an optional program and its purpose is to provide funds to employees in addition to unemployment insurance alone. Employees who opt for the Plan are not prohibited from collecting unemployment insurance from the State, as was the case here. The Plan merely prohibits what Cooper Industries undoubtedly considers "double-dipping"; specifically, collecting both unemployment insurance from the State to which the company contributes, and severance pay from the Plan, which is also funded by the company. Thus, § 1002(1) is applicable, and § 1003(b)(3) is not. The Plan is covered by ERISA.

### B. *Preemption Under ERISA and Removal From State Court*

■ ERISA broadly preempts State law causes of action superseding "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan" described in the title. 29 U.S.C. § 1144(a); *see Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 98–99, 103 S.Ct. 2890, 2900–01, 77 L.Ed.2d 490 (1983). It was the expectation of Congress "that a federal common law of rights and obligations under ERISA-regulated plans would develop." *Diduck v. Kaszycki &*

*Sons Contractors, Inc.,* 974 F.2d 270, 280–81 (2d Cir.1992) (quoting *Pilot Life Ins. v. Dedeaux,* 481 U.S. 41, 56, 107 S.Ct. 1549, 1557–58, 95 L.Ed.2d 39 (1987)).

Furthermore, ERISA provides that a plaintiff may bring a civil action "to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The Supreme Court noted that "[t]he detailed ... civil enforcement scheme ... would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 144, 111 S.Ct. 478, 485, 112 L.Ed.2d 474 (1990) (quoting *Pilot Life Ins.,* 481 U.S. at 54, 107 S.Ct. at 1556–57). The Second Circuit has ruled that "[c]ivil suits by beneficiaries to recover benefits under an ERISA plan can be brought only under the civil enforcement provision of ERISA, 29 U.S.C. § 1132(a)." *Grimo v. Blue Cross/Blue Shield,* 34 F.3d 148, 151 (2d Cir.1994) (citing *Pilot Life Ins.,* 481 U.S. at 56, 107 S.Ct. at 1557–58; *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 62–63, 107 S.Ct. 1542, 1545–47, 95 L.Ed.2d 55 (1986)).

It is well established that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Plaintiffs submit that because there were no federal claims raised in the complaint, removal is inappropriate under the "well-pleaded complaint rule."

■■■■ Although, as a general principle, the well-pleaded complaint rule provides a defense to removal—in the instant case it does not. The Supreme Court has held that when Congress intends to preempt an entire field of law, the well-pleaded complaint rule does not stand: "One corollary of the well-pleaded rule developed in case law, however, is that Congress may so completely pre-empt a particular area that any complaint raising

this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co.,* 481 U.S. at 63–64, 107 S.Ct. at 1546. In dealing with ERISA actions, it is well settled that Congress intended to preempt the entire field of law relating to "any employee benefit plan." 29 U.S.C. § 1144(a). Furthermore, the sweeping preemption of ERISA covers State laws "even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Ingersoll–Rand Co.,* 498 U.S. at 139, 111 S.Ct. at 483 (citing *Pilot Life Ins.,* 481 U.S. at 47, 107 S.Ct. at 1552–53). Finally, "[a]ssertion of ERISA preemption permits removal of the beneficiary's case from state court, even if the complaint has pleaded only state law claims." *Grimo,* 34 F.3d at 151 (citing *Metropolitan Life Ins. Co.,* 481 U.S. at 63–67, 107 S.Ct. at 1546–48 and *Smith v. Dunham–Bush, Inc.,* 959 F.2d 6, 10 (2d Cir.1992)). Therefore, in handling questions stemming from an ERISA employee benefit plan, the federal district courts have exclusive federal question jurisdiction and removal is appropriate.

■■■■ Exceptions to the broad ERISA preemption do exist, but they do not apply here. The first exception dealing with a State garnishment statute clearly does not apply to these facts. *Ingersoll–Rand Co.,* 498 U.S. at 139, 111 S.Ct. at 482–83 (citing *Mackey v. Lanier Collection Agency & Serv. Inc.,* 486 U.S. 825, 841, 108 S.Ct. 2182, 2191–92, 100 L.Ed.2d 836 (1988)). The second exception is that preemption applies "only [to] state laws that relate to benefit *plans....*" *Id.* (emphasis in original). The Second Circuit found that the impetus for ERISA preemption of a state law is that which has "an effect on the primary administrative functions of benefit plans, such as determining an employee's eligibility for a benefit and the amount of that benefit." *Aetna Life Ins. Co. v. Borges,* 869 F.2d 142, 146–47 (2d Cir.1989). Each of the State law sections cited by the plaintiffs in the complaint relate to the Plan in this context since the essence of the dispute revolves around the determination of "the amount of that benefit" in question. *Id.* First, N.Y.Lab. Law § 570(6), which voids agreements by employees which result in the employees con-

**54**

tributing to the unemployment insurance fund, must be viewed in light of the fact that the plaintiffs are seeking the severance benefits that they feel they are due under the Plan. Once again, the plaintiffs are not seeking unemployment insurance benefits because they have already received them. Rather, they are seeking severance benefits which they feel were improperly reduced. The same is true for § 595(1) which discusses the inalienable right to receive unemployment insurance benefits. N.Y.Lab.Law § 595(1). Finally, the general language of § 501 must also be viewed in the same light. N.Y.Lab.Law § 501. Thus, neither exception to ERISA preemption is applicable to the plaintiffs' claims.

## IV. CONCLUSION

In their complaint, the plaintiffs are clearly seeking severance benefits under an ERISA plan. As such, the State law cited in the complaint cannot circumvent federal ERISA law. The original removal by the defendant was proper and should stand.

WHEREFORE, it is

ORDERED that the plaintiffs' motion to remand this action to New York State Supreme Court—Onondaga County, is DENIED.

IT IS SO ORDERED.