**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHARLES O. WARREN, JR.,
Plaintiff-Appellant,

v.

BLUE CROSS AND BLUE SHIELD OF
SOUTH CAROLINA,
Defendant-Appellee.

No. 97-1374

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CA-96-1111-3-10)

Argued: October 1, 1997

Decided: November 12, 1997

Before RUSSELL and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Herbert Wiley Louthian, Sr., LOUTHIAN &
LOUTHIAN, Columbia, South Carolina, for Appellant. Vance J. Bet-
tis, GIGNILLIAT, SAVITZ & BETTIS, Columbia, South Carolina,
for Appellee. **ON BRIEF:** Rebecca G. Fulmer, LOUTHIAN &
LOUTHIAN, Columbia, South Carolina, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

An employee initially filed this action against his former employer in state court. The employee alleged that the employer had fraudulently induced him to enter into a separation agreement by misrepresenting the amount of his retirement benefits under the company's employee benefits plan. Maintaining that §§ 502(a) and 514(a) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1132(a) and 1144(a) (1985), preempted the employee's state law claims, the employer removed the case to federal court. The district court denied the employee's motion to remand the action and this appeal followed. Because ERISA preempts the employee's state law claims, we affirm.

I.

Prior to 1994, Blue Cross and Blue Shield of South Carolina had employed Charles O. Warren for twenty-four years. Upon his discharge on July 25, 1994, at the age of 53, Warren held the position of Senior Deputy General Counsel. Under a negotiated separation agreement, Warren received $80,176 in exchange for releasing Blue Cross from any and all claims arising out of his employment and termination. Warren alleges that during the negotiation of this agreement, Jack Mullins, Blue Cross's Assistant Vice President of Human Resources, provided Warren with a print-out representing that Warren's lump-sum retirement benefits at age 55 under Blue Cross's ERISA plan would amount to $243,000. Warren contends that this representation materially influenced his decision to accept the terms of the separation agreement without further negotiation.

Approximately one year after executing the separation agreement, Warren discovered that in order to have received $243,000 in retirement benefits under the plan he would have had to remain employed

2

with Blue Cross until the age of 55. Because his employment terminated earlier, his retirement benefits under the plan only totaled $130,000. Upon learning of this discrepancy, Warren filed suit in state court in which he asserted claims for fraudulent inducement and negligent misrepresentation based on Mullins's representation regarding his retirement benefits under Blue Cross's ERISA plan.

Blue Cross removed the action to federal court, asserting that ERISA completely preempted Warren's state law claims. After the district court denied Warren's motion to remand, he moved for reconsideration, or in the alternative, for permission to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (1993). The district court again denied the motion to remand but certified the case as one appropriate for interlocutory appeal. We agreed that the action was appropriate for interlocutory appeal, and now turn to the merits of that appeal.

II.

The single question presented is: Does § 502(a), the civil enforcement provision of ERISA, completely preempt Warren's state law claims, thereby providing a basis for removal jurisdiction? We review this question, like all determinations as to jurisdiction, de novo. Yarnevik v. Brink's, Inc., 102 F.3d 753, 754 (4th Cir. 1996).

Removal jurisdiction exists only if the district court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a) (1994). The parties here lack diversity, so removal jurisdiction must exist, if at all, by virtue of federal question jurisdiction. Federal question jurisdiction exists where the plaintiff's claim arises under the Constitution or other federal law. 28 U.S.C. § 1331 (1993). Pursuant to the general well-pleaded complaint rule, federal question jurisdiction must be apparent from the face of the complaint. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987); Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983). Thus, federal issues raised as defenses normally cannot provide a basis for removal jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987). The Supreme Court, however, has fashioned the following exception to the well-pleaded complaint rule: "causes of action within the scope of the civil enforcement provisions of § 502(a) [of ERISA are]

3

removable to federal court" although they "purport[ ] to raise only state law claims." Metropolitan Life, 481 U.S. at 66-67. We must decide, therefore, whether Warren's suit is within the scope of § 502(a) such that removal jurisdiction exists under the Metropolitan Life exception.

We note, at the outset, that in its second order denying remand, the district court addressed both § 514(a) preemption and § 502(a) pre-emption. Because the sole question raised on appeal is whether the district court properly exercised removal jurisdiction, we need not review whether the substantive preemption provisions of § 514(a) apply in this case. A state law claim can "relate to" an ERISA plan and be preempted under § 514(a) and still not be encompassed under § 502(a)'s civil enforcement scheme. Only state law claims pre-empted by § 502(a) provide a basis for removal jurisdiction. See Metropolitan Life, 481 U.S. at 66; Romney v. Lin, 94 F.3d 74, 80 (2nd Cir. 1996); Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 355 (3d Cir.), cert. denied, ___ U.S. ___, 116 S.Ct. 564 (1995); Lister v. Stark, 890 F.2d 941, 943 & n.1 (7th Cir. 1989); Lancaster v. Kaiser Found. Health Plan, 958 F.Supp. 1137, 1144 & n.21 (E.D.Va. 1997).

Section 502(a) of ERISA provides, in relevant part:

> A civil action may be brought --
>
> (1) by a participant or beneficiary
>
> . . .
>
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . .

29 U.S.C. § 1132(a)(1)(B) (emphasis added).

Warren asserts that his state claims do not seek the recovery, enforcement, or clarification of rights to benefits under an ERISA plan. He notes that neither count in his complaint explicitly refers to

4

ERISA, and no federal question appears on the face of the complaint. However, <u>Metropolitan Life</u> establishes that how a plaintiff denominates his claim does not determine whether it is within the scope of § 502(a). <u>See</u> 481 U.S. at 64 (action completely preempted although complaint "purported to raise only state law causes of action").

Nevertheless, Warren maintains that he does not seek retirement benefits but merely damages measured by reference to the benefits due to him under the ERISA plan. The language of his complaint, however, severely undermines this contention. In pertinent part, the complaint states:

> [A]s a result of said reliance, [Warren] has been damaged to the extent of $113,000 <u>or the actual value of the retirement benefits if [he] had elected a periodic pay out in lieu of a lump sum</u>, plus prejudgment interest and costs.
>
>  . . . .
>
>  . . . [Warren] has been damaged as a result of said reliance to the extent of $113,000, the amount of lump sum benefits <u>or all amounts due to [him] under his various retirement options, including a periodic pay out of the retirement benefits</u>.
>
>  WHEREFORE, [Warren] demands judgment against [Blue Cross] for the sum of $113,000 actual damages, or in the alternative <u>for such amounts due and to become due to [him] as the result of his retirement options</u> . . . .*

_____

*Perhaps recognizing the devastating effect on his case, Warren argues that we should not rely on the language of his prayer for relief because such prayers are not considered part of a claim. Our holding, of course, does not rely solely on the language of the prayer for relief. But we do believe that even though it is not a part of the claim, the language of the prayer for relief, particularly when, as here, it mirrors the actual counts of the complaint, is relevant. In fact, the question of § 502(a) preemption turns in large measure on the relief sought. Where the relief sought is the recovery, enforcement, or clarification of rights to benefits, § 502(a) preemption applies. <u>See Metropolitan Life</u>, 481 U.S. at 61(quoting plaintiff's prayer for relief as demanding "`reimplementation of all benefits'").

5

(Emphasis added). Thus, in his complaint Warren seeks not simply to measure his damages by reference to the ERISA plan but also to recover or enforce benefits allegedly "due" to him under that plan.

Nor, upon analysis, do the cases on which Warren relies, Pizlo v. Bethlehem Steel Corp., 884 F.2d 116 (4th Cir. 1989), Hand v. Church & Dwight Co., Inc., 962 F.Supp. 742 (D.S.C. 1997), and Sandler v. New York News Inc., 721 F.Supp. 506 (S.D.N.Y. 1989), support his position. In Pizlo, we held that § 514(a) did not preempt the plaintiff's state law claims for breach of contract, promissory estoppel, and negligent misrepresentation against his employer based on his employer's representation or promise of employment. 884 F.2d at 120. Thus, Pizlo, unlike the case at hand, did not involve a representation or promise as to benefits; indeed, we expressly noted that "the claims [did] not bring into question whether Plaintiffs [were] eligible for plan benefits." Id. In contrast, Warren's claim is based on his employer's representation of retirement benefits, and in his complaint he specifically alleges he has been denied the "actual value" of these "benefits."

Similarly, Hand held that § 514(a) did not preempt the plaintiff's claims for fraud and negligent misrepresentation to the extent that she sought damages for relinquishing a viable claim for age discrimination. 962 F.Supp. at 747. The court also held, however, that § 514(a) did preempt the fraud and negligent misrepresentation claims to the extent that they sought plan benefits. Id. Here, Warren's complaint seeks relief defined as "the actual value of the retirement benefits," and "all amounts due to [him] under his various retirement options."

For the same reasons, Sandler, too, provides little assistance to Warren. Sandler held that § 514(a) did not preempt the plaintiff's negligent misrepresentation claim because the claim "(i) [did] not seek to recover benefits . . .; (ii) [did] not proceed against the plan administrators . . .; and (iii) [was] premised upon an employer's misrepresentation that was made outside the routine course of pension administration." 721 F.Supp. at 514. The Sandler court pointed out that "[a] different conclusion would be required if the record showed that allowing Sandler to pursue his . . . claim would pose some genuine threat of interference with the administration of primary plan functions," such as determining whether or not benefits were due. Warren, as already noted, seeks amounts "due" under the ERISA plan.

6

Warren's claims are similar to those found completely preempted in <u>Smith v. Dunham-Bush, Inc.</u>, 959 F.2d 6 (2d Cir. 1992), and <u>Lister v. Stark</u>, 890 F.2d 941 (7th Cir. 1989). Smith, like Warren, alleged that his corporate employer misrepresented his retirement benefits and, relying on that misrepresentation, he agreed to relocate to an affiliated corporation. Smith contended that because"he neither challenge[d] his benefits under the terms of the ERISA plan, nor [sought] recovery from its assets, the action [did] not fall within the scope of ERISA's civil enforcement provisions." <u>Smith</u>, 959 F.2d at 8. The Second Circuit rejected this argument, explaining that notwithstanding the wording of Smith's complaint he "essentially" did seek to clarify his right to future benefits. <u>Id.</u> at 11. <u>See also Lister</u>, 890 F.2d at 942-44 (employee's state law claim that employer fraudulently induced his return to work by misrepresenting plan benefits completely preempted by ERISA).

Warren attempts to distinguish <u>Smith</u> and <u>Lister</u> by asserting that, unlike his case, those cases involved claims based on "oral promises specifically related to calculation of ERISA plan benefits" and "not plaintiff's detrimental reliance on misrepresentations concerning ERISA plan benefits which induced the plaintiffs to take or refrain from taking some action that did not directly involve those benefits." Warren misreads <u>Smith</u> and <u>Lister</u>. In <u>Smith</u>, the plaintiff alleged not only the breach of an oral promise but also negligent misrepresentation, and in <u>Lister</u> the plaintiff alleged breach of an oral promise <u>and</u> fraud. <u>Smith</u>, 959 F.2d at 7; <u>Lister</u>, 890 F.2d at 944. Moreover, like Warren, Smith and Lister asserted that their employers misrepresented their retirement benefits. Smith claimed that this misrepresentation induced him to relocate to an affiliated corporation; Lister asserted that it induced him to return to work. Neither of these actions more "directly involved" retirement benefits than Warren's act of leaving the company.

Finally, while we acknowledge the equitable appeal of Warren's assertion that if his claims are completely preempted he will have no adequate remedy for his employer's alleged misrepresentation, we can only reject this argument. As the Second Circuit noted, in rejecting Smith's similar argument that "ERISA preemption [would] leave him with no adequate remedy for [his employer's] alleged breach of contract and misrepresentation":

7

> The policy choices reflected in Congress's inclusion of certain remedies and exclusion of others [in § 502(a)] could be "completely undermined" if ERISA plan participants and beneficiaries could freely obtain remedies under state law that Congress has rejected.

Smith, 959 F.2d at 11 (quoting Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987)).

III.

For the foregoing reasons, we hold that ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), preempts Warren's state law claims, and so the district court properly denied Warren's motion to remand.

AFFIRMED