**Thomas J. PRONTI, Plaintiff,**

v.

**CNA FINANCIAL CORPORATION and CNA Employee Retirement Plan, Defendants.**

**No. 1:03–CV1518(LEK/DRH).**

United States District Court, N.D. New York.

Jan. 31, 2005.

Robert J. Koshgarian, Segel, Goldman Law Firm, Albany, NY, for Plaintiff.

Christopher Massaroni, Degraff, Foy Law Firm, Albany, NY, for Defendants.

## *MEMORANDUM–DECISION AND ORDER* [1]

KAHN, District Judge.

## I. Background

Plaintiff Thomas J. Pronti ("Pronti") brings this action against CNA Financial Corporation ("CNA") and CNA Retirement Plan ("CNA Plan") (collectively, "Defendants") based upon the alleged misrepresentations by his former employer CNA regarding the CNA Plan. Pronti claims that his benefits under the CNA Plan have been wrongfully calculated, and requests that this Court order the CNA Plan to give him the proper benefit accrual credit. In the alternative, Pronti also makes claims against CNA for breach of fiduciary duty, breach of contract, and estoppel. Currently before the Court is Defendants' motion to dismiss the claims for breach of fiduciary duty, breach of contract, and estoppel.

## II. Facts

Because this is a motion to dismiss, the Court will accept as true the facts as stated in Pronti's complaint. *Sharpe v. Conole*, 386 F.3d 482, 484 (2d Cir.2004).

Pronti was employed by Continental Insurance Company ("Continental") as a trial attorney in the staff counsel's office from March 1983 to October 7, 1994. Complaint (Dkt. No. 1) at ¶¶ 5, 9. Continental maintained an employee pension benefit plan, the Retirement Plan of the Continental Corporation ("Continental Plan"), under which Pronti began accruing benefits. *Id.* at ¶¶ 6, 8. Shortly after leaving Continental, Pronti joined the law firm Moran and Pronti, which became primary panel counsel for Continental. *Id.* at ¶ 10.

In 1995, Continental merged with and into CNA. *Id.* at ¶ 11. CNA, as the surviving entity, assumed and became liable for the obligations of Continental, including the Continental Plan. *Id.* at ¶ 12. CNA hired Pronti and Richard Moran as in-house staff counsel for the Capital District Region in September 1996. *Id.* at ¶ 13. The employment agreement between CNA and Pronti provided for employee retirement benefits under the CNA Plan. *Id.* at ¶ 14. Pronti alleges that before entering into the agreement, CNA represented to him that all of his service credited under the Continental Plan would also be credited under the CNA Plan for vesting and accrual purposes. *Id.* at ¶ 15. He claims that CNA represented that he, as well as other former Continental employees, would be treated as rehires for the purposes of pension service credit under the CNA Plan. *Id.* at ¶ 16. However, in July 1999, CNA and the CNA Plan asserted that Pronti's benefits under the CNA Plan would be calculated using only actual service with CNA, and would not include service with Continental. *Id.* at ¶ 17. In August 1999, Pronti terminated his employment with CNA, fully reserving his rights to the determination of his pension benefits under both plans. *Id.* at ¶ 18.

---

1. For printed publication in the Federal Reporter.

On March 27, 2001, Pronti filed suit in the Northern District of New York alleging four causes of action: (1) against the CNA Plan for benefits; (2) against CNA for breach of fiduciary duty; (3) against CNA for breach of contract; and (4) against CNA for detrimental reliance. *Id.* at ¶ 19. This action was dismissed by Judge Munson on June 12, 2002 pursuant to Federal Rule of Civil Procedure 12(b)(6) due to Pronti's failure to exhaust administrative remedies within the CNA Plan. *Id.* at ¶ 20. Pronti requested a review of the CNA Plan's decision, and on May 18, 2003, the CNA Operations Committee of the CNA Plan denied his appeal. *Id.* at ¶¶ 22, 23. No other administrative remedies remain. *Id.* at ¶ 24. On December 24, 2003, Pronti filed the instant action. *Id.* He asserts the same causes of action that he did in his 2001 action.[2] *Id.* at ¶¶ 25–40. Defendants filed a motion to dismiss the second through fourth causes of action, which are breach of fiduciary duty, breach of contract, and estoppel, respectively.

### III. Discussion

#### A. Motion to Dismiss Standard

A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure must be denied " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir.1994) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In assessing the sufficiency of a pleading, the Court must "assume all well-pleaded factual allegations to be true, and ... view all reasonable inferences that can be drawn from such allegations in the light most favorable to the

plaintiff." *Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir.1999). Consideration is limited to the complaint, written instruments that are attached to the complaint as exhibits, statements or documents that are incorporated in the complaint by reference, and documents on which the complaint heavily relies. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir.2002) (citations omitted).

#### B. Breach of Contract

In his complaint, Pronti claims that CNA breached its agreement with him to provide certain benefit accrual credit under the CNA Plan. Complaint (Dkt. No. 1) at ¶ 35. Defendants contend that this cause of action is preempted by the Employee Retirement Income Security Act ("ERISA").

■ To ensure that pension plan regulation remained an "exclusively federal concern," Congress included a broad preemption clause in ERISA. *Smith v. Dunham-Bush, Inc.*, 959 F.2d 6, 8 (2d Cir.1992) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)). Section 1144(a) of ERISA explicitly preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ...." 29 U.S.C. § 1144(a). Thus, for a state law action to withstand ERISA preemption, it must be determined "(a) whether the ... claim asserted is related to an employee benefit plan, and, if so, (b) whether there is an exception under ERISA that precludes pre-emption of the state law." *Devlin v. Transp. Communications Int'l Union*, 173 F.3d 94, 101 (2d Cir.1999).

**2.** The only difference is that in the instant case, Pronti has referred to his fourth cause of action as an estoppel claim rather than just a detrimental reliance claim.

A state law "relates to" an employee benefit plan if it "has a connection with or reference to such plan." *Smith*, 959 F.2d at 9 (quoting *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 139, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990); *Shaw v. Delta Air Lines*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983)). ERISA preemption is expansive, and is not limited to "state laws specifically designed to affect employee benefit plans." *Pilot Life*, 481 U.S. at 47–48, 107 S.Ct. 1549 (citing *Shaw*, 463 U.S. at 98, 103 S.Ct. 2890); *Cmty. Gen. Hosp. v. Zebrowski*, 2004 WL 1769102, at *6 (N.D.N.Y. Aug. 2, 2004) (McCurn, J.). Thus, a state law of general application, having only an indirect effect on a pension plan, can be preempted under ERISA if it "relate[s] to" such a plan. *Smith*, 959 F.2d at 9. In this case, Pronti seeks to have the court supersede the written terms of the CNA Plan and replace them with the alleged agreement between him and CNA. The agreement that Pronti claims was breached dealt explicitly and exclusively with a pension plan. Therefore, Pronti's breach of contract claim relates to an employee benefit plan covered by ERISA. *Smith*, 959 F.2d at 10. Because none of the exceptions to preemption are relevant here, Pronti's breach of contract claim is preempted by ERISA.

### C. Breach of Fiduciary Duty

Though Pronti does not specify whether his claim for breach of fiduciary duty is brought pursuant to state law or ERISA, the Court will assume, for the purposes of this motion, that it is being brought under ERISA.[3] A cause of action for breach of fiduciary duty may be authorized by § 1132(a)(3):

A civil action may be brought... (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3). The Supreme Court interpreted this provision to allow lawsuits by beneficiaries for individualized equitable relief when § 1132 afforded no alternative means of relief. *Varity Corp. v. Howe*, 516 U.S. 489, 515, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). However, when Congress has provided an adequate remedy under ERISA, relief under § 1132(a)(3) cannot be had. *See, e.g., Owen v. Soundview Fin. Group, Inc.*, 208 F.3d 203, 2000 WL 287684, at *3 (2d Cir.2000) (unpublished); *Joyce v. Curtiss–Wright Corp.*, 992 F.Supp. 259, 270–71 (W.D.N.Y.1997). Specifically, "[a] plaintiff may not pursue a claim for breach of fiduciary duty based on section [1132(a)(3) ] where that claim seeks relief that duplicates the relief sought on a claim for benefits under section [1132(a)(1)(B) ]." *Joyce*, 992 F.Supp. at 270–71. Section 1132(a)(1)(B) states that:

A civil action may be brought-(1) by a participant or beneficiary... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B).

Pronti alleges in his first cause of action that his benefits under the CNA Plan were wrongfully calculated and substantially reduced. Complaint (Dkt. No. 1) at ¶ 25. He claims that he is entitled to

---

**3.** If brought pursuant to state law, the cause of action would be preempted because ERISA provides a specific remedy for breach of fiduciary duty for an ERISA covered plan. *Nealy v. U.S. Healthcare HMO*, 844 F.Supp. 966, 974 (S.D.N.Y.1994).

full benefit accrual credit under the CNA Plan for his service with both Continental and CNA, and requests that this Court order Defendants to grant him this credit. *Id.* at ¶¶ 26–27. As the CNA Plan is a plan covered by ERISA, and Pronti is seeking either to recover benefits due to him or to enforce his rights under the CNA Plan, his first cause of action is most appropriately characterized as a claim under § 1132(a)(1)(B).[4] In his claim for breach of fiduciary duty, Pronti seeks monetary relief in the amount that he was damaged by not receiving full benefit accrual credit. *Id.* at ¶ 31. Should the Court award Pronti the benefits he contends are due under the CNA Plan as requested in his first cause of action under § 1132(a)(1)(B), the net result will be the same as if the Court awarded him the monetary damages he requested for breach of fiduciary duty. Thus, under these two causes of action, Pronti is requesting virtually the same relief, which is increased benefits under the Plan. *See Montesano v. Xerox Corp. Ret. Income Guarantee Plan,* 117 F.Supp.2d 147, 166 (D.Conn.2000). Because Pronti has a claim under § 1132(a)(1)(B) that could provide him with adequate relief, he cannot also maintain, even in the alternative, a claim under § 1132(a)(3) seeking virtually identical relief. *See Fitch v. Chase Manhattan Bank, N.A.,* 64 F.Supp.2d 212, 229 (W.D.N.Y.1999); *see also Tardif v. Gen. Elec. Co.,* 2000 WL 33376644, at *3, *10 (D.Conn. Sept. 30, 2000).[5]

## D. Estoppel

Pronti also contends in his complaint that he accepted employment with CNA in reliance upon representations by CNA respecting his benefit accrual credit. Complaint (Dkt. No. 1) at ¶¶ 36–39; Pronti Memo. (Dkt. No. 20) at 3. Again, it is unclear whether this claim is made pursuant to state or federal law, or whether it is a detrimental reliance claim or an estoppel claim. However, as this is a motion to dismiss, the Court will construe it as a promissory estoppel claim. If it were a state law claim, it would be preempted by ERISA. *See, e.g., Billinger v. Bell Atlantic,* 240 F.Supp.2d 274, 286 (S.D.N.Y.2003). Further, detrimental reliance is merely an element of promissory estoppel. *See, e.g., Graff v. Enodis Corp.,* 2003 WL 1702026, at *1 n. 4 (S.D.N.Y. Mar. 28, 2003).

A promissory estoppel claim can be maintained under ERISA. *See, e.g., Schonholz v. Long Island Jewish Med. Ctr.,* 87 F.3d 72, 78 (2d Cir.1996). The elements of promissory estoppel under the federal common law are "(1) a promise, (2) reliance on the promise, (3) injury caused by the reliance, and (4) an injustice if the promise is not enforced." *Aramony v. United Way Replacement Benefit,* 191 F.3d 140, 151 (2d Cir.1999) (citing *Schonholz,* 87 F.3d at 79). Furthermore, under ERISA, a plaintiff must also prove the existence of "extraordinary circumstances." *See, e.g., Aramony,* 191 F.3d at 151.

In this case, Pronti has alleged that a promise was made to him. He asserted in his complaint that CNA agreed to provide full benefit accrual credit under the CNA Plan for Pronti's years of service

---

**4.** Pronti does not reference ERISA in his complaint.

**5.** Furthermore, under § 1132(a)(3), a beneficiary or participant can only obtain "appropriate equitable relief." § 1132(a)(3). "Money damages are generally unavailable under this section." *Great–West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 210, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002); *Lee v. Burkhart,* 991 F.2d 1004, 1011 (2d Cir.1993). As Pronti only seeks monetary damages, his requested relief cannot be awarded. *Id.*

with Continental. Complaint (Dkt. No. 1) at ¶ 33. It is unclear whether the alleged promise was oral or written, but if the promise was oral, it could not be the basis for this promissory estoppel claim because oral promises are not enforceable under ERISA. *Perreca v. Gluck*, 295 F.3d 215, 225 (2d Cir.2002). Therefore, because this is a motion to dismiss, the Court must assume that the promise was written.

▮ Pronti has also sufficiently alleged reliance on the purported promise and injury based upon that reliance. In his complaint, Pronti claims that because of CNA's representations regarding his benefit accrual credit under the CNA Plan, he entered into an employment agreement with CNA. Complaint (Dkt. No. 1) at ¶ 36. He further contends that he would not have otherwise entered into such an agreement and foregone other opportunities. *Id.* at ¶ 39. The injury to him would include the difference between the retirement benefits Pronti would have received had CNA followed through on the alleged promise, and the retirement benefits CNA currently claims that it owes him. Pronti approximates this damage to be over $100,000. *Id.* at ¶ 40.

Based upon the above reasoning, Pronti may also succeed on the fourth element, which is a resulting injustice if the promise is not enforced. If he can satisfy the first three elements, "it is clear to [the Court] that [he] will be able at least to contend that an injustice would result if the promise is not enforced." *Schonholz*, 87 F.3d at 80.

Pronti must also present "extraordinary circumstances" to sustain a claim for promissory estoppel under ERISA. Defendants contend that there must be "proof tantamount to fraud" to satisfy this element. Defendants' Memo. (Dkt. No. 7) at 11 (citing *Moore v. Metro. Life Ins. Co.*, 856 F.2d 488, 489 (2d Cir.1988)). They

further claim that, to meet this burden, Pronti must comply with the requirements of Federal Rule of Civil Procedure 9(b), which sets forth the pleading requirements for a showing of fraud. Defendants' Memo. (Dkt. No 7) at 11. However, Defendants do not present, and the Court is not aware of, any subsequent decision of the Second Circuit that has required plaintiffs to meet such stringent pleading requirements.

Furthermore, the Second Circuit has held that although simple fulfillment of the four elements of estoppel is not sufficient to establish "extraordinary circumstances," *Aramony*, 191 F.3d at 152, the use of promised benefits as an inducement for certain behaviors can be sufficient. *See Devlin*, 173 F.3d at 102; *see also Abbruscato v. Empire Blue Cross and Blue Shield*, 274 F.3d 90, 101 (2d Cir.2001). " 'Extraordinary circumstances' may exist where a party makes a promise to intentionally induce a particular behavior on the part of the plaintiff before the promise is withdrawn." *Patterson v. J.P. Morgan Chase & Co.*, 2004 WL 1920215, at *9 (S.D.N.Y. Aug. 26, 2004). In fact, even the good faith promise of benefits to induce action can give rise to "extraordinary circumstances" if, once such action is taken in reliance, the promisor reneges. *Bouboulis v. Transp. Workers Union of Greater N.Y., Local 100*, 2004 WL 1555129, at *7 (S.D.N.Y. July 9, 2004) (citing *Schonholz*, 87 F.3d at 74).

Pronti's complaint sufficiently alleges "extraordinary circumstances." In it, Pronti states that before he entered into an employment agreement with CNA, CNA represented to him that he would get full benefit accrual credit for his years at Continental. Complaint (Dkt. No. 1) at ¶ 14. Pronti claims that he was induced to accept the offer, forgoing other opportunities, based upon these representations.

*Id.* at ¶¶ 38, 39. As these representations were allegedly made in the context of employment negotiations, CNA may have intentionally used them as an inducement to Pronti. Further, it is reasonable to assume that CNA benefited from Pronti's acceptance of employment with CNA if they were willing to engage him. *See Abbruscato,* 274 F.3d at 101–102. After Pronti had accepted the offer and worked for CNA for almost three years, CNA then told Pronti that his time with Continental would not be credited under the CNA Plan. Complaint (Dkt. No. 1) at ¶ 17. Based upon the allegations in the complaint, Pronti could prove facts that establish "extraordinary circumstances," specifically, that CNA intentionally (whether or not in good faith) induced Pronti to accept employment through representations regarding benefit accrual credit, and then later reneged on its promise. Therefore, Defendants' motion to dismiss is denied as to this cause of action.

Defendants requested, in the alternative, that Pronti be required to provide a more definite statement in compliance with Rule 9(b). However, as noted above, plaintiffs in an estoppel action under ERISA are not required to satisfy the strict pleading requirements of Rule 9(b). Therefore, Defendants' request is denied.

## IV. Conclusion

Based on the foregoing discussion, it is hereby

ORDERED, that Defendants' motion to dismiss as to the second cause of action (breach of fiduciary duty) is **GRANTED**; and it is further

ORDERED, that Defendants' motion to dismiss as to the third cause of action (breach of contract) is **GRANTED**; and it is further

ORDERED, that Defendants' motion to dismiss as to the fourth cause of action (estoppel) is **DENIED**;

ORDERED, that Defendants' request that Pronti provide a more definite statement is **DENIED**;

ORDERED, that the Clerk serve a copy of this order on all parties.