07-4040-cv
Ladouceur v. Credit Lyonnais

# UNITED STATES COURT OF APPEALS

## FOR THE SECOND CIRCUIT

August Term, 2008

(Argued: April 7, 2009          Decided: September 30, 2009)

Docket No. 07-4040-cv

- - - - - - - - - - - - - - - - - - - -x

Alex H. Ladouceur, Ronald J. Ivans, David Silvers,

Plaintiffs-Appellants,

- v.-

Credit Lyonnais, John J. Quinn,

Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - -x

Before:          JACOBS, Chief Judge, FEINBERG and WALKER, Circuit Judges.

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, J.) dismissing on summary judgment claims of promissory estoppel and breach of fiduciary duty.  These claims are premised on changes to an employee benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").  Because oral promises cannot vary the terms of an ERISA plan, we affirm.

PEARL ZUCHLEWSKI (Geoffrey A. Mort, Esq., on the brief), Kraus & Zuchlewski LLP, New York, N.Y., <u>for Plaintiffs-Appellants</u>.

TRACEY A. TISKA (Barbara M. Roth, Esq., on the brief), Hogan & Hartson LLP, New York, N.Y., <u>for Defendants-Appellees</u>.

DENNIS JACOBS, <u>Chief Judge</u>:

Plaintiffs had been employed by a Credit Lyonnais subsidiary that was absorbed by the parent company in 2001. They appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, <u>J.</u>) dismissing on summary judgment their promissory estoppel and breach of fiduciary duty claims premised on allegations that Credit Lyonnais and its Human Resources Director, John J. Quinn (collectively "Credit Lyonnais"), orally misrepresented the effect of the merger on their pension benefits. The district court found no evidence of any representation in writing. On appeal, plaintiffs argue that an oral representation suffices to establish a breach of fiduciary claim based on a purported alteration of a benefits plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 <u>et seq</u>. We disagree, and affirm the judgment of the district court.

2

## BACKGROUND

Plaintiffs Alex H. Ladouceur, Ronald J. Ivans, and David Silvers were (respectively) the former president, executive vice president, and senior accountant of Credit Lyonnais Rouse ("Rouse"), which had been a wholly-owned subsidiary of Credit Lyonnais. In 2000, Credit Lyonnais decided to absorb Rouse effective January 1, 2001. In June 2000 (before the merger), Ladouceur and Ivans met with Human Resources Director Quinn to discuss the impact of the merger on their salaries and pensions. It is uncontested that in the meeting with Quinn and during subsequent presentations to Rouse staff, Credit Lyonnais agreed to calculate *vesting* periods for pension benefits from the date employees began to work for Rouse (as early as 1987), rather than the date they would begin to work for Credit Lyonnais (January 1, 2001).

At issue is plaintiffs' contention that Credit Lyonnais also agreed to calculate pension *funding* from the date employees began to work at Rouse. Plaintiffs concede they have no written documents confirming their alleged understanding of how their pension benefits would be calculated, nor does the record contain any writing to that effect. They base their claim on oral statements allegedly

made by Quinn and other Credit Lyonnais Human Resources staff prior to the merger.  Credit Lyonnais denies that it made such representations in any form.

Plaintiffs commenced direct employment with Credit Lyonnais on January 1, 2001, but all resigned by August of that year.  According to plaintiffs, they departed Credit Lyonnais under the impression that their pension benefits would be calculated according to their original Rouse hiring dates.  See Am. Compl. ¶ 34.  However, in April 2002, Quinn allegedly informed Ladouceur by letter that his pension benefits would be based, not on his original Rouse start date, but on the date that he began working for Credit Lyonnais.  According to plaintiffs, a Credit Lyonnais human resources representative then orally confirmed that "a decision had... been made by unidentified individuals not to proceed with the necessary funding" for plaintiffs' pension benefits.  Plaintiffs filed suit in April 2004, alleging promissory estoppel and breach of fiduciary duty under ERISA on the ground that Credit Lyonnais had represented that pension benefits would be funded as of the date they began to work for Rouse.

The district court initially dismissed the suit in January 2005, ruling that plaintiffs failed to allege a

4

sufficient writing to support their claims.  Ladouceur v. Credit Lyonnais, No. 04 Civ. 2773 (S.D.N.Y. Jan. 20, 2005) (Memorandum and Order).  We vacated the dismissal and remanded for further proceedings on the ground that plaintiffs had alleged facts sufficient to support their claims, and that further discovery might reveal a sufficient writing.  Ladouceur v. Credit Lyonnais, 05-0766-cv (2d Cir. 2005) (Summary Order).

After completion of discovery, Credit Lyonnais moved for summary judgment.  In August 2007, the district court granted Credit Lyonnais's motion, concluding that plaintiffs had not identified any writing containing the alleged representations, and that absent such a writing they could establish neither promissory estoppel nor breach of fiduciary duty.  Ladouceur v. Credit Lyonnais, No, 04 Civ. 2773 (S.D.N.Y. Aug. 21, 2007) (Memorandum and Order).  This appeal followed.

**DISCUSSION**

Plaintiffs did not appeal the district court's entry of summary judgment on their promissory estoppel claim, and we deem that claim to be abandoned.  See Shakur v. Selsky, 391 F.3d 106, 119 (2d Cir. 2004).  Plaintiffs' sole argument on

5

appeal is that the district court erred in dismissing, "for lack of any writing," their claim for breach of fiduciary duty under ERISA.

We review the district court's summary judgment decision de novo. Roe v. City of Waterbury, 542 F.3d 31, 35 (2d Cir. 2008). Summary judgment is appropriate if "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

ERISA imposes a fiduciary duty on plan administrators to administer a benefits plan "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1). Given this fiduciary obligation, "[a] plan administrator may not make affirmative material misrepresentations to plan participants about changes to an employee pension benefits plan." Mullins v. Pfizer, Inc., 23 F.3d 663, 669 (2d Cir. 1994) (internal quotation marks omitted, alterations in original). The question on appeal is whether an alleged oral representation that purports to change an employee pension benefits plan can support a claim

6

for breach of fiduciary duty under ERISA.

"[O]ral promises are unenforceable under ERISA and therefore cannot vary the terms of an ERISA plan." Perreca v. Gluck, 295 F.3d 215, 225 (2d Cir. 2002); see also 29 U.S.C. § 1102(a)(1) ("Every employee benefit plan shall be established and maintained pursuant to a written instrument . . . ."). For this reason, we held in Perreca that an oral statement purporting to alter the terms of an ERISA benefit plan was insufficient to give rise to a claim for promissory estoppel. Perreca, 295 F.3d at 225.

This logic applies with equal force to alleged breaches of fiduciary duty when the alleged breach is an oral representation that purports to change an ERISA benefit plan. Since such a statement cannot effect a change in an ERISA plan, we see no reason to give the statement effect by re-characterizing it as a breach of fiduciary duty. Giving such effect to an oral statement "would undermine ERISA's framework which ensures that [ERISA] plans be governed by written documents," Moore v. Metro. Life Ins., 856 F.2d 488, 492 (2d Cir. 1988), as well as dilute the protection conferred by the writing requirement, which prevents "employees from having their benefits eroded by oral modifications to the plan." Smith v. Dunham-Bush, Inc., 959

7

F.2d 6, 10 (2d Cir. 1992).

Plaintiffs argue that the reasoning of Perreca does not apply to claims for breach of fiduciary duty, and they cite cases in which we have upheld such claims based on alleged material misrepresentations regarding changes to an ERISA benefit plan. See generally Abbruscato v. Empire Blue Cross & Blue Shield, 274 F.3d 90, 102-03 (2d Cir. 2001); Mullins, 23 F.3d at 669. But these cases either involved written representations or did not indicate whether the representations were written or oral. See Abbruscato, 274 F.3d at 94-95 (discussing the various "materials" and "documents" containing the alleged misrepresentations); Mullins, 23 F.3d at 669 (reciting that the defendant had made representations by means of an "announce[ment] to its employees" without indicating whether the announcement was written or oral). The cited cases are therefore inapposite.

Finally, plaintiffs point out that we have never held that a claim for breach of fiduciary duty under ERISA cannot be maintained without a writing. That is true; but no such categorical requirement is needed to decide this case. We hold only that a party alleging a breach of fiduciary duty *on the basis of a statement purporting to alter the terms of an ERISA benefit plan* must point to a written document

8

containing the alleged statement.[1]

Plaintiffs have identified no document in the record containing the alleged representations purporting to retroactively fund their ERISA benefits.  Because the summary judgment record does not support plaintiffs' fiduciary duty claim, Credit Lyonnais is entitled to judgment as a matter of law on that claim.

Accordingly, we affirm the judgment of the district court.

---

[1] A prior Summary Order in this case made reference to a writing requirement in the context of an ERISA fiduciary duty claim.  See Ladouceur v. Credit Lyonnais, No. 07-4040-cv (2d Cir. 2005) (Summary Order).  The writing requirement referenced in that order is the requirement of a writing in a claim for breach of fiduciary duty based on an alleged alteration of the terms of an ERISA benefit plan.