09-3936-cv
Watson v. Consolidated Edison Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

   **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand ten.**

PRESENT:
          AMALYA L. KEARSE,
          ROBERT D. SACK,
          DEBRA ANN LIVINGSTON,
                    *Circuit Judges*.

_____

James Watson, Joseph Avitabile, Thomas McGlade,
Joseph Keelin, Robert Sheehan, Individually and on
behalf of all others similarly situated,

          *Plaintiffs-Appellants*,

          v.                                                      09-3936-cv

Consolidated Edison Company of New York, Inc.,
The Consolidated Edison Pension and Benefits Plan,

          *Defendants-Appellees*.

_____

FOR APPELLANTS:        JAMES E. TULLMAN, JOSEPH H. WEISS, JOSHUA M. RUBIN, Weiss & Lurie, New York, N.Y. and LEONARD LEEDS, MATTHEW I. MARKS, Leeds, Morelli & Brown, PC, Carle Place, NY

FOR APPELLEES:        MYRON D. RUMELD, DEIDRE A. GROSSMAN, Proskauer Rose, LLP, New York, NY

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiffs-Appellants James Watson, Joseph Avitabile, Thomas McGlade, Joseph Keelin, and Robert Sheehan ("Appellants") appeal from an August 25, 2009 judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*) granting summary judgment in favor of Defendants-Appellees Consolidated Edison Company of New York, Inc. and The Consolidated Edison Pension and Benefits Plan ("Appellees" or "Consolidated Edison") as to all of Appellants' claims. We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal.

*A.    Background*

The five named Appellants in this action are Consolidated Edison employees who took early retirement. Watson, McGlade, and Sheehan all retired in 1999, Keenan retired in 2005, and Avitable retired in 2006. An October 14, 2008 amended complaint filed by Appellants alleges that Appellees violated provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, including a violation of Appellees' fiduciary duties under 29 U.S.C. § 1104 and a violation of ERISA's disclosure requirements under 29 U.S.C. §§ 1104, 1022(a), and 1055(g). The district court granted the Appellees' motion for summary judgment, finding that the 1999 retirees' claims are time-barred and that, in any event, all retirees' claims for breach of fiduciary duty fail on the

2

merits given the clarity of the written materials Appellants received from Consolidated Edison and the "overall absence of any material oral misrepresentations." The district court also granted summary judgment in favor of Appellees on the disclosure claims because Consolidated Edison proffered undisputed evidence that it made reasonable efforts to ensure the plan participants' receipt of the plan documents and, in any event, Appellants failed to come forward with evidence tending to show they were prejudiced by any failure to satisfy the disclosure requirements. For the reasons that follow, we affirm the judgment of the district court.

We review the district court's summary judgment decision *de novo*. *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008). Summary judgment is appropriate if "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "However, where the nonmoving party will bear the burden of proof at trial, Rule 56 permits the moving party to point to an absence of evidence to support an essential element of the nonmoving party's claim." *Bay v. Times Mirror Magazines, Inc.*, 936 F.2d 112, 116 (2d Cir. 1991).

**B.      Breach of Fiduciary Duty**

ERISA requires that a fiduciary "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104(a)(1). In interpreting this duty, we have held that an employer must "deal fairly and honestly with its beneficiaries." *Ballone v. Eastman Kodak Co.*, 109 F.3d 117, 124 (2d Cir. 1997). Moreover, "a plan administrator has a fiduciary duty not to make material misrepresentations regarding the availability of future plan benefits." *Id.* at 123. "Where an ERISA fiduciary makes guarantees regarding future benefits that misrepresent present facts, the misrepresentations are material if they would induce a reasonable person to rely upon them." *Id.* at 122. Because ERISA plans are governed by written documents, "a party alleging

3

a breach of fiduciary duty on the basis of a statement purporting to alter the terms of an ERISA benefit plan must point to a written document containing the alleged statement." *Ladouceur v. Credit Lyonnais*, 584 F.3d 510, 513 (2d Cir. 2009) (emphasis deleted).

Appellants all acknowledge receiving written documentation at their Group Retirement Interviews ("GRI") regarding the Level Income Option ("LIO") retirement plan that states:

> The . . . Consolidated Edison Pension and Benefits Plan provide[s] an option for those employees who retire before they are eligible to begin receiving unreduced Social Security benefits. This is called a "Level Income Option" and is intended to coordinate the payment of your pension benefits with your Social Security benefits to provide a level income to you from your retirement to your death.
>
> If you elect this option, an estimate is made of your Social Security benefits payable at Age 62 or your Normal Social Security Retirement Age, whichever age you elect. The payment of your pension benefit is adjusted so that you receive the actuarial equivalent of your pension. You receive a higher pension benefit from the date of your retirement to your choice of Age 62 or Normal Social Security Retirement Age, and a lower pension benefit thereafter.
>
> Upon your death, your surviving spouse will receive, for life, a pension benefit based on the amount of the pension benefit you would have been receiving before any adjustment under the level income option.

In addition, written plan documentation in effect in 1997 explains that under the LIO, at age 62, the monthly pension amount "decreases and is combined with Social Security to achieve a level monthly income." The 2002 Summary Plan Description ("SPD") states that "[a]fter you reach age 62 or 65, and you begin receiving your Social Security benefits, your monthly pension total is permanently reduced."

Contrary to these written materials, Appellants now suggest that it was explained to them orally that the LIO operates like a "loan" pursuant to which they would initially receive higher monthly pension benefits and then would receive lower benefits only until such time as this loan was

repaid. Taking the evidence in the light most favorable to the Appellants, however, Appellants' meager deposition testimony to this effect is not sufficient to create an issue of material fact on the question whether Appellees breached their fiduciary duty. Given the clear written plan materials, no reasonable jury could find that these alleged vague oral statements were sufficient to induce reasonable reliance on the part of Appellants. *See Ballone*, 109 F.3d at 122-23.[1]

Moreover, as Appellants' fiduciary duty claims are, in effect, that the oral representations should be given effect as modifying the written terms of their plan, those claims are barred by *Ladouceur*. *Ladouceur*, 584 F.3d at 512-13 (Because ERISA requires that "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument," "[o]ral promises are unenforceable under ERISA and therefore cannot vary the terms of an ERISA plan. . . . This logic applies with equal force to alleged breaches of fiduciary duty when the alleged breach is an oral representation that purports to change an ERISA benefit plan." (internal quotation marks omitted)); *see also Frahm v. Equitable Life Assur. Soc. of the United States*, 137 F.3d 955, 960 (7th Cir. 1998) ("Havoc would ensue if plans meant different things for different participants, depending on what someone said to them years earlier."). We therefore affirm the district court's grant of summary judgment as to the Appellants' breach of fiduciary duty claims. Because we agree with the district court that all five Appellants' claims fail on the merits, we need not consider whether the district court correctly determined that 1999 retirees' fiduciary duty claims are also time-barred.

---

[1]Appellants argue that the written plan materials are ambiguous and that Appellees are not entitled to rely on these materials to support their argument that there was no breach of fiduciary duty. We disagree that the written plan materials are ambiguous as to the operation of the LIO. *See Aon Fin. Prods., Inc. v. Société Générale*, 476 F.3d 90, 95 (2d Cir. 2007) (noting that the issue of whether there is ambiguity in contract language is a question of law). Accordingly, and contrary to the Appellants' claim here, the district court did not err in declining to consider expert testimony on this question. *Hygh v. Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992).

## C. *Disclosure and Reporting Requirements*

ERISA requires plan administrators to provide a SPD to its participants setting forth certain information and to "make reasonable efforts to ensure each plan participant's actual receipt of the plan documents." *Weinreb v. Hosp. for Joint Diseases Orthopaedic Inst.*, 404 F.3d 167, 170 (2d Cir. 2005) (internal quotation marks omitted); 29 C.F.R. § 2520.104b-1(b)(1) ("[T]he plan administrator shall use measures reasonably calculated to ensure actual receipt of the material by plan participants."). "Material which is required to be furnished to all participants covered under the plan and beneficiaries receiving benefits under the plan (other than beneficiaries under a welfare plan) must be sent by a method or methods of delivery likely to result in full distribution." 29 C.F.R. § 2520.104b-1(b)(1). "For example, in-hand delivery to an employee at his or her worksite is acceptable." *Id.* However, "an ERISA claim premised on the complete absence of an SPD . . . requires a showing of likely prejudice." *Weinreb*, 404 F.3d at 171; *see also Tocker v. Philip Morris Cos.*, 470 F.3d 481, 489 (2d Cir. 2006) (noting application of "likely prejudiced" standard in claims for deficient SPD).

Appellants argue, pointing to Avitabile and Keelin's deposition testimony, that these Appellants never received the SPD.[2] However, it is undisputed that both Avitabile and Keelin received, at their GRI, written documentation explaining the LIO. Moreover, both of these Appellants signed a "Level Income Option" form on which they elected to receive the LIO. This form shows each retiree's monthly benefits under the LIO "to Age 62" and "after Age 62." The form does not indicate that "after Age 62," monthly benefits, excepting Social Security, would at

[2]On appeal, Appellants make arguments on this issue only with respect to Avitabile and Keelin. Accordingly, any argument that the ERISA disclosure requirement was violated with respect to the other three Appellants is waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998)

any point increase. Thus, because both Avitabile and Keelin received information accurately describing the LIO, they were not "likely prejudiced" even if they did not receive the SPD.

Next, Appellants argue that Consolidated Edison had a duty under ERISA to disclose the "relative values of the various options," including the LIO. We understand Appellants' argument to contend that Appellees had a duty, with respect to each individual Appellant, to calculate the financial value of each plan. However, Appellants have not pointed to any part of ERISA—and we know of none—that requires a plan administrator to warn each plan beneficiary that if they outlive the average mortality used to calculate the actuarial value of each plan that one plan may be of higher "financial" lifetime value than another. Accordingly, we affirm the district court's grant of summary judgment to Appellees on the disclosure and reporting claims.

We have considered the remainder of Appellants' claims and determined them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk