09-1681-cv
Stevenson v. The Bank of New York Co., Inc.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2009

(Argued: December 2, 2009           Decided: June, 15, 2010)

Docket No. 09-1681-cv

------------------------------------------------------x

MATTHEW MILLS STEVENSON, on behalf of himself and as representative of the Stevenson Retirement Plan and the Stevenson SERP,

Plaintiff-Appellant,

-- v. --

THE BANK OF NEW YORK COMPANY, INC., J. CARTER BACOT, THE ESTATE OF DENO D. PAPAGEORGE, administrator of the Stevenson Retirement Plan and the Stevenson SERP, THOMAS A. RENYI, MICHAEL SHEPERD, THE TAX-QUALIFIED PENSION PLAN, THE RETIREMENT PLAN COMMITTEE, THE SUPPLEMENTAL EXECUTIVE RETIREMENT PLAN, THE STEVENSON RETIREMENT PLAN, THE STEVENSON SERP, THE EXCESS BENEFIT PLAN, BNY PROFIT SHARING PLAN and its administrator, PHANTOM PENSION STOCK PLAN and its administrator, EMPLOYEE SAVINGS INVESTMENT PLAN and its administrator, EMPLOYEE STOCK OWNERSHIP PLAN and its administrator, ANY OTHER PLAN and its administrator,

Defendants-Appellees.
------------------------------------------------------x

B e f o r e :   WALKER, RAGGI, Circuit Judges, and
                RAKOFF, District Judge.[*]

---

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Matthew Mills Stevenson filed a complaint in New York state court based on an alleged agreement by BNY and its employees to maintain his pension benefits. The defendants removed that complaint to federal court on the theory that Stevenson's state law claims were preempted under ERISA, 29 U.S.C. § 1001 et seq. The defendants moved to dismiss the complaint for failure to state a claim, and Stevenson moved to remand to state court. Stevenson now appeals the following: 1) the March 30, 2007 order of the District Court for the Southern District of New York (Daniels, Judge) denying Stevenson's motion to remand his case to state court and granting the defendants' motion to dismiss his original complaint; and 2) the district court's March 26, 2009 order granting the defendants' motion to dismiss Stevenson's amended complaint for failure to state a claim under ERISA, 29 U.S.C. § 1001, or under New York law. On appeal, we hold that Stevenson's state law claims, as originally pleaded, are not preempted by ERISA. We therefore VACATE the district court's order denying Stevenson's motion to remand to state court and REMAND to the district court with instructions that the case be returned to state court.

VACATED and REMANDED.

THOMAS E.L. DEWEY, Dewey
Pegno & Kramarsky LLP,
New York, New York;
Jerome M. Marcus, Marcus
& Auerbach LLC, Wyncot,
Pennsylvania, on the

brief, Jacob A. Goldberg, Faruqi & Faruqi, LLP, Elkins Park, Pennsylvania, on the brief, for Plaintiff-Appellant.

MICHAEL L. BANKS, Morgan, Lewis & Bockius LLP, Philadelphia, Pennsylvania, for Defendants-Appellees.

JOHN M. WALKER, JR., Circuit Judge:

This appeal involves an alleged promise made by appellant Matthew Mills Stevenson's former employer, the Bank of New York Company ("BNY"), that it would maintain Stevenson's pension and benefits during Stevenson's tenure as General Manager of the Bank of New York–Inter Maritime Bank ("BNY-IMB"), a Swiss bank affiliate of BNY. Stevenson filed this suit against BNY and certain of its executives in the New York Supreme Court. The complaint brought claims of breach of contract, promissory estoppel, unjust enrichment, negligent misrepresentation, fraud, and tortious inference with contract, based on Stevenson's allegation that BNY and BNY employees reneged on their promise to maintain certain benefits and pension plans on his behalf during his absence from the bank and then unlawfully terminated his employment from BNY-IMB. The complaint also claimed defamation based on an allegation that the defendants published a letter to the legal and banking community in Geneva, Switzerland, maligning

Stevenson's professionalism.

The defendants removed the state action to the District Court for the Southern District of New York (Daniels, <u>Judge</u>), claiming that, under the federal Employee Retirement Security Act ("ERISA"), federal subject matter jurisdiction existed pursuant to ERISA § 502, 29 U.S.C. § 1132, and that dismissal was required because ERISA preempted Stevenson's claims, ERISA § 514(a), 29 U.S.C. § 1144(a). The defendants also moved, pursuant to Rule 12(b)(6), to dismiss Stevenson's defamation claim for failure to state a claim. Stevenson cross-moved to remand the entire case to state court. The district court concluded that each of Stevenson's claims, except the defamation claim, was related to a benefit plan and therefore preempted by ERISA. The district court dismissed each of these claims, but granted Stevenson leave to replead them as ERISA claims. The district court dismissed the defamation claim for failure to state a claim, while granting Stevenson leave to replead that claim with greater particularity, and denied Stevenson's cross-motion.

Stevenson then filed an amended complaint containing allegations largely identical to those in his original complaint, but now cast as ERISA violations, in addition to his state law claims. The amended complaint named as additional defendants several BNY-related pension, retirement, and benefit plans and contained counts under various provisions of ERISA as well as

state law claims for breach of contract, unjust enrichment, and defamation.[1]  The district court then dismissed the amended complaint in its entirety for failure to state a claim, concluding that Stevenson had failed to exhaust his administrative remedies with respect to claims under certain plans and had failed to allege sufficient facts to support his claims of entitlement to benefits with respect to other plans.  The district court also dismissed Stevenson's ERISA unlawful termination claim for failure to allege that he was terminated in order to prevent the vesting or exercise of his benefits; the district court dismissed an ERISA estoppel claim as redundant of his earlier claims for benefits and, therefore, for failure to exhaust his administrative remedies as to that claim.  The district court again dismissed Stevenson's breach of contract and unjust enrichment claims as preempted by ERISA, and his defamation claim on the basis of insufficient factual

---

[1] Of the various pension plans named in Stevenson's amended complaint, several are regularly administered plans available to BNY employees generally.  These include the Tax-Qualified Pension Plan, the Retirement Plan, the Supplemental Executive Retirement Plan ("SERP"), and the Excess Benefit Plan.  Stevenson also names as defendants several "plans" that were allegedly applicable solely to him as a result of promises made by individual defendants at BNY.  Those plans include the Stevenson Retirement Plan and the Stevenson SERP.  Stevenson also names several "non-pension plans" as defendants, including the BNY Profit Sharing Plan, the Phantom Pension Stock Plan, the Employee Stock Ownership Plan, the Employee Savings Investment Plan, and "any other plan under which Mr. Stevenson was a participant. Appellant Br. at 37.  The record is unclear as to whether these are regularly constituted BNY plans.

allegations. The district court denied leave to amend.

Stevenson appealed from the district court's denial of his cross-motion to remand, and its dismissals of the original and amended complaints.

## DISCUSSION

"Whether ERISA preempts a state law or portion thereof is a question of law", which we review de novo. Devlin v. Transp. Commc'ns Int'l Union, 173 F.3d 94, 98 (2d Cir. 1999); cf. Drake v. Lab. Corp. of Am. Holdings, 458 F.3d 48, 56 (2d Cir. 2006) ("The district court's determination regarding preemption is a conclusion of law, and we therefore review it de novo.").

In determining the scope of ERISA's preemption provision, our touchstone is congressional intent, primarily as evidenced by statutory language. Gerosa v. Savasta & Co., 329 F.3d 317, 323 (2d Cir. 2003). ERISA provides that it "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The "relate to" language, however, is so expansive as a textual matter as to afford no meaningful limitation on the scope of ERISA preemption. Therefore, we look to the structure and objectives of the statute as a means of determining the scope of preemption. N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 655-56 (1995). This circuit has previously

-6-

held that the analysis of ERISA preemption must start with the presumption that "Congress does not intend to supplant state law." Gerosa, 329 F.3d at 323 (quoting Travelers, 514 U.S. at 654-55) (internal quotation marks omitted). We have also noted a reluctance to find ERISA preemption where state laws do not affect the relationships among "the core ERISA entities: beneficiaries, participants, administrators, employers, trustees and other fiduciaries." Id. at 324. On the other hand, "state laws that would tend to control or supersede central ERISA functions - such as state laws affecting the determination of eligibility for benefits, amounts of benefits, or means of securing unpaid benefits - have typically been found to be preempted." Id.

Stevenson's original complaint alleged that he was asked to accept the position of General Manager of BNY-IMB and move from New York to Geneva for a term of two to three years. Compl. ¶ 29. Stevenson specifically asked the defendants about the status of his BNY pension benefits if he agreed to leave BNY for BNY-IMB, to which defendants responded that they would "maintain [those benefits]." Id. Stevenson then held a series of discussions with BNY's personnel department in which BNY allegedly promised to "maintain [Stevenson's] benefits and to care for his Brooklyn residence" during his absence. Id. ¶ 30. On the basis of these promises, Stevenson terminated his

-7-

employment with BNY, accepted the position of General Manager of BNY-IMB, and moved his family to Geneva in June of 1991.

The complaint then alleges a series of correspondence and other writings concerning Stevenson's pension status:

- On November 19, 1991, Stevenson corresponded with Douglas Tantillo, BNY's Vice President of Employee Relations, and learned that he had been put on inactive pay status but that his "medical and dental insurance, travel accident insurance, GUL insurance, profit sharing accounts and automatic investment accounts . . . 'remain[ed] in effect . . . .'" Compl. ¶ 36.

- On December 10, 1991, Stevenson received a memorandum stating that BNY would maintain a "notional salary . . . to facilitate his eventual return to [BNY]." Compl. ¶ 37 (internal quotation marks omitted).

- On February 7, 1995, Tantillo informed Stevenson that "[a]s an inactive employee of the Bank of New York (from June 2, 1991), participation in both the BNY Pension Plan and BNY Profit Sharing plan are maintained, but benefit accruals ceased on that date. Your pension accrual is frozen at that date (as a vested participant), and cannot begin again until you again become an active employee. My only notes on this topic indicate that we discussed that the Bank could take administrative action upon your return to New York to give

you credit [for] (i.e., bridge) the break-in-service while you were in Switzerland. As prospects for your return are either indefinite or fading, the issue of pension coverage increases in importance." Compl. ¶ 46 (emphasis omitted).

• And finally, on April 7, 1999, defendant Deno Papageorge, BNY's Senior Executive Vice President and later a Board Member of BNY-IMB, sent a memorandum to BNY's personnel department, memorializing a series of conversations held by Papageorge with members of that department, stating that Papageorge had previously "agreed that BNY would provide [Stevenson] with a pension benefit according to the BNY Plan." Compl. ¶ 50. The memo stated further that "[t]he benefit was to be calculated on [Stevenson's] base salary at the time he left BNY and assumed normal annual salary adjustments. In effect, there would be no break in service for the purpose of calculating retirement benefits. [Stevenson's] current position is equivalent to Senior Vice-President level at BNY, and, therefore, he would qualify for the SERP as well." Id.

The complaint's allegations and the writings identified by Stevenson, whatever their contractual significance, do not support a finding of ERISA preemption. First, the defendants' asserted liability under the original complaint does not "derive[]" from "the particular rights and obligations

-9-

established by [any] benefit plan[]," Aetna Health Inc. v. Davila, 542 U.S. 200, 213 (2004), but rather from a separate promise that references various benefit plans, none of which directly applies to Stevenson by its terms, as a means of establishing the value of that promise. Because Stevenson's state law claims derive from this promise rather than from an ERISA benefits plan, their resolution does not require a court to review the propriety of an administrator's or employer's determination of benefits under such a plan. The BNY benefits plans may provide a benchmark for determining claimed damages, but such damages would be payable from BNY's own assets, not from the plans themselves. Further, Stevenson's state law claims do not allege that any plan administrator or employer breached a fiduciary duty or plan provision relating to the BNY plans. Thus, those claims do not affect the relationships among the "core ERISA entities" with respect to those entities' roles under ERISA. See Gerosa, 329 F.3d at 324.

Second, none of Stevenson's state law causes of action purport to require a plan administrator, employer, or beneficiary to follow a standard inconsistent with those provided by ERISA. Should Stevenson ultimately succeed in his state court action, the operation of BNY's benefit plans would need to be referenced in order to establish the extent of his damages, but the actual administration and funding of those plans would be unaffected.

Because Stevenson's suit neither interferes with the relationships among core ERISA entities nor tends to control or supersede their functions, it poses no danger of undermining the uniformity of the administration of benefits that is ERISA's key concern.  Davila, 542 U.S. at 208 ("The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans.").  On the basis of the allegations in this case, permitting Stevenson to pursue his suit in state court under broadly applicable, common law causes of action would not necessitate "the tailoring of plans and employer conduct to the peculiarities of the law of each [state]."  Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 142 (1990).

The defendants argue that Stevenson's claims necessarily "relate to" ERISA benefits because his original and amended complaints allege the same underlying facts, which are "expressly designat[ed] . . . as ERISA claims" in the amended complaint.  Appellees' Br. at 43.  Stevenson's amended complaint, however, was filed in response to the district court's dismissal of all original state law claims, which allowed Stevenson to replead the underlying facts under the terms of ERISA.  In this context, in which Stevenson's ERISA claims were effectively forced upon him, the labels attached to Stevenson's claims are not dispositive of whether those claims in fact "relate to" an ERISA benefit plan for preemption purposes.

-11-

The defendants go on to argue, relying on Smith v. Dunham-Bush, Inc., 959 F.2d 6 (2d Cir. 1992), that Stevenson's claims "relate to" ERISA employee benefit plans because they "make specific reference to and, indeed, are premised on, the existence of a pension plan." Appellees' Br. at 44. Smith involved a state law complaint, similar to that filed by Stevenson, based on an alleged oral promise to pay pension benefits to the plaintiff employee who left the company in exchange for that promise. Smith, 959 F.2d at 7. This court gave the ERISA "relate to" language a "broad common-sense" reading and noted that a "state law may relate to a benefit plan . . . even if the law is not specifically designed to affect such plans or the effect is only indirect." Id. at 9 (internal quotation marks omitted). In the wake of the Supreme Court's opinion in Travelers (decided after our decision in Smith), however, we suggested that Smith's broad view of ERISA preemption was misguided. Gerosa, 329 F.3d at 327 n.8 ("[O]ur earlier pronouncements in [Smith] suggest that in fact we simply took a very broad view of preemption."). In light of Travelers, and following our approach in Gerosa, we hold in this case that § 502(a) of ERISA does not preempt Stevenson's state law claims, which are in themselves neutral toward ERISA plans. These claims make reference to ERISA plans solely as a means of describing the consideration underlying an alleged contract that itself is

-12-

separate from the terms of any plan; they will not affect the referenced plans, particularly not in a way that threatens ERISA's goal of uniformity. See id. at 325 (noting "general principle that preemption depends on whether state remedies are consistent with ERISA's core purposes"); see also Aetna Life Ins. Co. v. Borges, 869 F.2d 142, 146 (2d Cir. 1989) (noting that "laws that have been ruled preempted are those that provide an alternative cause of action to employees to collect benefits protected by ERISA, refer specifically to ERISA plans and apply solely to them, or interfere with the calculation of benefits owed to an employee").

Because Stevenson's original complaint contained no questions arising under federal law, the district court was without jurisdiction to assess the sufficiency of Stevenson's original claim for defamation. Thus, we do not consider that claim on appeal and instead vacate the dismissal of that claim so that the state court may consider its sufficiency along with the rest of Stevenson's original complaint.

**CONCLUSION**

Accordingly, we VACATE the order of the district court denying Stevenson's motion to remand and dismissing his original complaint and REMAND the case to the district court with instructions to remand the case to New York state court.