15-2876-cv
Varela v. Barnum Fin. Grp.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         PETER W. HALL,
                      Circuit Judges
         JANE A. RESTANI,[1]
                      CIT Judge.

- - - - - - - - - - - - - - - - - - - -X
MARTA BARBEOSCH VARELA, individually
and as executor of the Estate of WILLIAM
P. BARBEOSCH,
         Plaintiff-Appellant,

         -v.-                                    15-2876-cv

BARNUM FINANCIAL GROUP, PETER GRECO,
         Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - -X

---

[1]     Jane A Restani, Judge for the United States Court of International Trade, sitting by designation.

1

**FOR APPELLANT:** Thomas More Marrone, Greenblatt, Pierce, Engle, Funt & Flores, LLC, Philadelphia, PA.

**FOR BARNUM APPELLEE:** Michael H. Bernstein (Matthew P. Mazzola, on the brief), Sedgwick LLP, New York, NY.

**FOR GRECO APPELLEE:** Christopher M. Pisacane, Sichenzia Ross Friedman Ference LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Carter, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Marta Barbeosch Varela ("Varela"), in her individual capacity and as executor of the estate of her deceased husband, William Barbeosch ("Barbeosch"), appeals from the judgment of the United States District Court for the Southern District of New York (Carter, J.) dismissing her common law claims for damages against Barnum Financial Group ("Barnum") and Peter Greco ("Greco"), on the ground of ERISA preemption. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Until April 1, 2011, Barbeosch was the Chief Fiduciary Officer of a wholly-owned subsidiary of SunTrust Banks, Inc. ("SunTrust"). SunTrust offered an ERISA-governed employee welfare benefit plan (the "Plan") to its employees. Under the Plan, SunTrust was the Plan Administrator, while Metropolitan Life Insurance Company ("MetLife") underwrote the coverage and was the claims administrator. As a full-time employee at an annual salary of $300,000, Barbeosch was entitled to a group life insurance policy that would pay his beneficiary, Varela, $450,000 upon his death. On April 1, 2011, Barbeosch became a part-time employee and as a result was entitled to no more than a basic life insurance plan that carried $10,000 of coverage. He nevertheless had an option to convert the excess of his $10,000 policy into a private individual policy. He was

2

interested in doing so, in part because he had cancer at the time.

Varela alleges the following sequence of events. On April 8, 2011, Barbeosch received an email from SunTrust human resources stating that he had 31 days to convert his life insurance policy; on April 18, 2011, Barbeosch consulted with Greco, a financial services representative with Barnum, who informed Barbeosch that he had 31 days *from April 18* to convert his policy; on April 27, 2011, Barbeosch and Greco further discussed converting Barbeosch's policy; Barbeosch died on May 13, 2011 without having converted his life insurance policy.

The Plan undisputedly required Barbeosch to convert his policy within 31 days of his change in employment status, i.e., by May 2, 2011. Varela brings claims for negligence, negligent misrepresentation, and breach of fiduciary duty against Greco and Barnum.

The district court dismissed Varela's claims as preempted by ERISA. Barnum is not an independent legal entity, but is an office and trade name of MetLife, so in reality Varela brought suit against MetLife d/b/a Barnum. Because Varela sued MetLife d/b/a Barnum and a Barnum employee (Greco) for advice they allegedly gave Barbeosch about the Plan's conversion requirement, the district court concluded that Varela's claims arose out of the defendants' operation and management of a benefit plan covered by ERISA, and were therefore preempted. Varela appeals and argues that her claims are not preempted because they are for damages, under state law, and are lodged against what are effectively strangers to the Plan.

**1.** We review de novo a district court's decision to dismiss a claim as preempted by ERISA. Arditi v. Lighthouse Int'l, 676 F.3d 294, 298 (2d Cir. 2012).

Congress enacted ERISA to establish a "uniform regulatory regime over employee benefit plans" and "to ensure that employee benefit plan regulation is exclusively a federal concern." Id. at 299 (quoting Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004)). To further these ends, ERISA preempts a cause of action where (i) "an individual, at some point in time, could have brought his or her claim under ERISA § 502(a)(1)(B)" and

(ii) "no other independent legal duty . . . is implicated by a defendant's actions." Id. (quoting Davila, 542 U.S. at 210); see also Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 328 (2d Cir. 2011).

Although such preemption is broad, courts are reluctant to find state laws preempted unless they implicate the relationships among "the core ERISA entities: beneficiaries, participants, administrators, employers, trustees and other fiduciaries." Gerosa v. Savasta & Co., 329 F.3d 317, 324 (2d Cir. 2003). For example, "courts routinely find that garden-variety state-law malpractice or negligence claims against non-fiduciary plan advisors, such as accountants, attorneys, and consultants, are not preempted." Id. But "state laws that would tend to control or supersede central ERISA functions – such as state laws affecting the determination of eligibility for benefits, amounts of benefits, or means of securing unpaid benefits – have typically been found to be preempted." Id.

ERISA preempts Varela's claims. Varela is a beneficiary of the Plan. Her claims arise out of purported oral misrepresentations by MetLife d/b/a Barnum and a Barnum employee about the process for converting a group life insurance policy under the Plan. Greco is an employee of Barnum and Barnum is an office of MetLife. As the insurer and claims administrator of the Plan, MetLife was a fiduciary and a "core ERISA entit[y]." Varela's claims concern Barbeosch's right under the Plan to convert his policy and the process for doing so – "central ERISA functions." Finally, the alleged breach here concerned the Plan itself, not, as in Stevenson v. Bank of New York Co., Inc., 609 F.3d 56, 60-61 (2d Cir. 2010), an agreement *separate and independent* from the Plan. See Arditi, 676 F.3d at 300.

Accordingly, and finding no merit in Varela's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4