24-1879-cv
*Off. Create Corp. v. Planet Ent., LLC*

# United States Court of Appeals

# For the Second Circuit

August Term 2024

Submitted:  March 5, 2025
Decided: June 10, 2025

No. 24-1879

OFFICE CREATE CORPORATION,

*Petitioner-Appellant,*

*v.*

PLANET ENTERTAINMENT, LLC; STEVE GROSSMAN,

*Respondents-Appellees.*

Appeal from the United States District Court
for the Southern District of New York
No. 1:22CV08848,
Edgardo Ramos, *Judge.*

Before:     CALABRESI, CHIN, and MERRIAM, *Circuit Judges*.

Petitioner-appellant Office Create Corporation ("Office Create") appeals from the District Court's denial of its objection to a claim of exemption filed by respondents-appellees Steve Grossman and Planet Entertainment, LLC (collectively, "Appellees").  Office Create sought to restrain certain retirement accounts in which it asserted Grossman had an interest, in an effort to satisfy (in part) a money judgment in its favor against Appellees.  Appellees objected that the accounts are covered by the anti-alienation provision of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 *et seq.*, and that ERISA preempts a New York state law, New York Civil Practice Law and Rules ("NYCPLR") section 5205(c)(5), that might otherwise permit enforcement of the judgment against those accounts.  The District Court agreed with Appellees and denied Office Create's request to restrain the accounts.

Having determined that we have appellate jurisdiction over this matter, we conclude that ERISA preempts NYCPLR §5205(c)(5).  Accordingly, we conclude that the District Court did not err in denying Office Create's objection to Appellees' claim of exemption as to those accounts.  The judgment of the District Court is **AFFIRMED**.

Marc R. Labgold, Patrick J. Hoeffner, Law Offices of Marc R. Labgold, PC, Reston, VA, *for Petitioner-Appellant*.

Jamie M. Brickell, Pryor Cashman LLP, New York, NY, *for Respondents-Appellees*.

PER CURIAM:

Petitioner-appellant Office Create Corporation ("Office Create") appeals

from the District Court's denial of its objection to a claim of exemption filed by

respondents-appellees Steve Grossman and Planet Entertainment, LLC

(collectively, "Appellees"). Office Create sought to restrain certain retirement accounts in which it asserted Grossman had an interest, in an effort to satisfy (in part) a money judgment in its favor against Appellees. Appellees objected that the accounts are covered by the anti-alienation provision of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 *et seq.*, and that ERISA preempts a New York state law, New York Civil Practice Law and Rules ("NYCPLR") section 5205(c)(5), that might otherwise permit enforcement of the judgment against those accounts. The District Court agreed with Appellees and denied Office Create's request to restrain the accounts.

Having determined that we have appellate jurisdiction over this matter, we conclude that ERISA preempts NYCPLR §5205(c)(5). Accordingly, we conclude that the District Court did not err in denying Office Create's objection to Appellees' claim of exemption as to those accounts. The judgment of the District Court is **AFFIRMED**.

We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

## I.    BACKGROUND

Office Create brought this action in the District Court as a petition to confirm an arbitration award that it had won against Appellees; Appellees cross-petitioned to vacate the award.  The District Court granted Office Create's petition and entered judgment in its favor.[1]  *See Off. Create Corp. v. Planet Ent., LLC*, No. 1:22CV08848(ER), 2023 WL 5918017 (S.D.N.Y. Sept. 11, 2023).

Shortly thereafter, Office Create served an Information Subpoena and Restraining Notice on Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill"), seeking to restrain certain accounts in which it contended Grossman had an interest.  Five of those accounts held a total of about two million dollars and were designated as "Retirement Cash Management Accounts" (the "Merrill RCM Accounts"); those accounts were held in the name of "Defender Care dba E-Partners," an entity that Office Create asserted was "owned and controlled by Grossman."  *Id.* at *1.  Grossman served an Exemption Claim Form on Office Create, contending that these five accounts were exempt from collection because they constituted "payments from pensions and retirement accounts."  *Id.*

---

[1] The total judgment entered upon confirmation of the arbitration award is $22,844,018 American dollars and ¥61,987,030 Japanese yen, plus interest.  *See Off. Create Corp. v. Planet Ent., LLC*, No. 1:22CV08848(ER), 2023 WL 5918017, at *1 (S.D.N.Y. Sept. 11, 2023).

4

(citation and quotation marks omitted). Office Create objected and sought a ruling from the District Court denying the exemption.

The central legal dispute before the District Court – and the issue now before us – is whether ERISA preempts NYCPLR §5205 as applied here. Section 5205 provides that certain retirement accounts are "exempt from application to the satisfaction of a money judgment." NYCPLR §5205(c)(1). But that same section includes an exception to the exemption providing that additions to such accounts "shall not be exempt from application to the satisfaction of a money judgment if [they are] made after the date that is ninety days before the interposition of the claim on which such judgment was entered." NYCPLR §5205(c)(5). Office Create argued that the exception in NYCPLR §5205(c)(5) applies to the Merrill RCM Accounts, allowing it to pursue the assets in those accounts to satisfy the judgment. Appellees argued that the §5205(c)(5) exception does not apply because (1) ERISA preempts New York law in this context; (2) the Merrill RCM Accounts are ERISA-qualifying; and (3) the Merrill RCM Accounts are exempt from collection under ERISA's anti-alienation provision.

On April 16, 2024, the District Court denied Office Create's objection to the

exemption claim as to the Merrill RCM Accounts,[2] finding as a matter of fact that Office Create had failed to meet its burden to show that the retirement accounts were not ERISA-qualifying, and concluding as a matter of law that those accounts were exempt because ERISA's anti-alienation provision preempts NYCPLR §5205(c)(5).  *See Off. Create Corp. v. Planet Ent., LLC*, No. 1:22CV08848(ER), 2024 WL 1638728, at *1 (S.D.N.Y. Apr. 16, 2024).  Office Create now appeals that decision.[3]

## II. <u>APPELLATE JURISDICTION</u>

We first consider whether we have appellate jurisdiction over this matter, which turns on whether the order appealed from is final.  "[A] district court's postjudgment order is final when it has finally disposed of a question, and there are no pending proceedings raising related questions."  *Amara v. Cigna Corp.*, 53 F.4th 241, 250 (2d Cir. 2022) (alteration, citation, and quotation marks omitted).

---

[2] The parties also disputed whether the judgment could be enforced against certain cash accounts held by Merrill in which Grossman had an interest.  The District Court found those accounts were *not* exempt: "There is no evidence before the Court to indicate that the cash management accounts qualify for the exemption that Grossman has asserted."  *Off. Create Corp.*, 2024 WL 1638728, at *6.  That decision has not been appealed.

[3] Office Create filed a motion for reconsideration, which the District Court denied.  Office Create appeals from that denial and from the underlying order denying its objection as to the Merrill RCM Accounts.

The District Court denied Office Create's objection *without prejudice*, explaining:

> [T]he denial is without prejudice because . . . CPLR section 5222-a(d) contemplates that the Court may hold a hearing before making this determination. If Office Create believes it can show—through documentation, examination of witnesses, or some other evidence—that the retirement accounts at issue are not ERISA-qualified accounts, it may request such a hearing by April 23, 2024. If Office Create fails to request a hearing by that date, its objection will be denied with prejudice.

*Off. Create Corp.*, 2024 WL 1638728, at *7. On April 23, 2024, Office Create requested such a hearing – thereby seeking the opportunity to persuade the District Court that the Merrill RCM Accounts were not in fact ERISA-qualified. The District Court conducted a status conference on June 28, 2024, to address Office Create's hearing request, which had been stayed while a motion to reconsider was pending. At that conference, the District Court directed the parties to submit letter briefs setting forth their positions as to the request for a hearing.

On July 10, 2024, while that briefing process was underway, Office Create filed its Notice of Appeal. In response, the District Court entered an order directing the parties to submit a joint letter stating their positions as to what effect, if any, the filing of Office Create's Notice of Appeal had on the District

7

Court's jurisdiction to resolve the pending dispute about Office Create's request for a hearing. In that order, the District Court explicitly expressed its doubt over this Court's jurisdiction over this appeal, stating that it "finds it difficult to see how its previous decisions concerning Office Create's objection could be considered final, appealable orders." Order, *Off. Create Corp. v. Planet Ent., LLC*, No. 1:22CV08848(ER) (S.D.N.Y. July 12, 2024), ECF No. 101 at 2.

On July 19, 2024, the parties filed a joint letter in the District Court in which the parties "agree[d] that the same issue may not properly be addressed at the same time by both the District Court and the appellate court." *Id.*, ECF No. 102 at 2. The parties disagreed, however, on whether the District Court's order was final. Office Create argued that "with respect to the issue of preemption, it is understood that the Court's decision is final and, as such, appealable" and that the District Court's "decision on preemption is an 'important, but ancillary, matter' that is 'subject to appellate review.'" *Id.* (quoting *Amara*, 53 F.4th at 250). Appellees asserted that there was no final, appealable order because "the denial was without prejudice," "[t]he decision denying Office Create's motion for reconsideration simply affirmed that conclusion," and the District Court's order "did not 'finally dispose[]' of Office Create's objection" because "the parties are

8

still litigating the request for a hearing." *Id.* No further action was taken in the District Court.

Despite the District Court's expressed concerns, neither party raised this jurisdictional issue in the appellate briefing. However, having identified the issue ourselves, on February 14, 2025, we ordered the parties to submit supplemental briefing on the issue of appellate jurisdiction. In that briefing, Office Create abandoned its assertion that the District Court's order was final, instead stating: "[I]n order to cure any possible defect in appellate jurisdiction, *OC withdraws its request for an evidentiary hearing with prejudice*." Appellant's Supp. Br. at 1 (emphasis in original).[4]

The District Court's original order was clear: if Office Create did *not* seek a hearing, the objection would be "denied with prejudice." *Off. Create Corp.*, 2024 WL 1638728, at *7. Now that Office Create has withdrawn its request for an evidentiary hearing, the District Court's order has been rendered final. We may therefore properly exercise jurisdiction over the appeal. *See Amara*, 53 F.4th at 250 ("[A] district court's postjudgment order is final when it has finally disposed

---

[4] In spite of this representation, Office Create has not yet filed a Notice informing the District Court of the withdrawal. Office Create is instructed to do so forthwith.

9

of a question, and there are no pending proceedings raising related questions."

(alteration, citation, and quotation marks omitted)); *see also Jewish People for the*

*Betterment of Westhampton Beach v. Village of Westhampton Beach*, 778 F.3d 390, 394

(2d Cir. 2015) (per curiam) (finding appellate jurisdiction where plaintiffs cured

the "defect in appellate jurisdiction" over an order entered without prejudice by,

"effectively, converting it to a dismissal with prejudice").  We therefore proceed

to review the merits.

III.    **DISCUSSION**

"Although we generally review a district court's decision on a post-

judgment motion for abuse of discretion, where the determination is based upon

a legal interpretation, *de novo* review is appropriate."  *Fowlkes v. Thomas*, 667 F.3d

270, 271 (2d Cir. 2012) (per curiam) (citation and quotation marks omitted).

"Whether ERISA preempts a state law or portion thereof is a question of law,

which we review *de novo*."  *Stevenson v. Bank of N.Y. Co., Inc.*, 609 F.3d 56, 59 (2d

Cir. 2010) (citation and quotation marks omitted).[5]

---

[5] On appeal, Office Create does not challenge the District Court's finding that the
Merrill RCM Accounts are ERISA-qualifying accounts.  We therefore do not
address this issue.  *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998)
("Issues not sufficiently argued in the briefs are considered waived and normally
will not be addressed on appeal.").

Office Create contends that the exception set forth in NYCPLR §5205(c)(5) permits it to restrain the Merrill RCM Accounts. Appellees contend that the exception is of no effect in this case because it conflicts with ERISA's anti-alienation provision and it is therefore preempted by ERISA. We therefore consider whether ERISA preempts the exception.[6]

Under the doctrine of federal preemption, a state law that conflicts with a valid federal law is "without effect." *Maryland v. Louisiana*, 451 U.S. 725, 746 (1981). The doctrine is grounded in the "constitutional command" of the Supremacy Clause, but "[c]onsideration under the Supremacy Clause starts with the basic assumption that Congress did not intend to displace state law." *Id.* Accordingly, to find preemption of state law, a "'clear and manifest purpose' by Congress is required." *Liberty Mut. Ins. Co. v. Donegan*, 746 F.3d 497, 506 (2d Cir. 2014) (quoting *N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995)).

ERISA's preemption clause states in relevant part that ERISA "shall

---

[6] The District Court concluded that Office Create had forfeited any argument before it that ERISA does not preempt NYCPLR §5205(c)(5). *See Off. Create Corp.*, 2024 WL 1638728, at *4 ("Office Create did not respond to the preemption argument in its brief, so the Court may deem the point conceded."). We assume without deciding that Office Create did not forfeit that argument, and proceed to consider the merits.

11

supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. §1144(a). In evaluating claims of preemption under ERISA, courts "begin with the assumption that Congress does not intend to supplant state law, a presumption that is particularly strong for state action in fields of traditional state regulation." *Gerosa v. Savasta & Co.*, 329 F.3d 317, 323 (2d Cir. 2003) (citations and quotation marks omitted). Nonetheless, "state laws that would tend to control or supersede central ERISA functions . . . have typically been found to be preempted." *Id.* at 324.

Because "pre-emption claims turn on Congress's intent, we begin as we do in any exercise of statutory construction with the text of the provision in question, and move on, as need be, to the structure and purpose of the Act in which it occurs. The governing text of ERISA is clearly expansive." *Travelers Ins. Co.*, 514 U.S. at 655 (citations omitted). ERISA expressly preempts state laws that "'relate to' employee benefit plans. . . . A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983) (footnotes omitted).

ERISA includes an "anti-alienation" provision that reflects "a pension law

12

protective policy of special intensity: Retirement funds shall remain inviolate until retirement." *Boggs v. Boggs*, 520 U.S. 833, 851 (1997) (citation and quotation marks omitted). The anti-alienation provision dictates: "Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated." 29 U.S.C. §1056(d)(1). This provision "proscribes the assignment or alienation of pension plan benefits." *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365, 371 (1990) (emphasis omitted). It is "mandatory," and serves as a "potent mechanism[] to prevent the dissipation of funds." *Boggs*, 520 U.S. at 851. And it is designed in part to prohibit "involuntary levies by third party creditors on vested plan benefits." *Ellis Nat'l Bank of Jacksonville v. Irving Trust Co.*, 786 F.2d 466, 470 (2d Cir. 1986).

Appellees contend that this provision preempts, as applied here, NYCPLR §5205, which similarly provides that certain assets are "exempt from application to the satisfaction of a money judgment." NYCPLR §5205(a). The New York exemption includes "all trusts, custodial accounts, annuities, insurance contracts, monies, assets or interests established as part of, and all payments from, . . . any trust or plan" that qualifies as a retirement plan or individual retirement account under various provisions of federal tax law. *Id.* §5205(c)(2). In other words,

13

under the New York exemption, as a general rule, retirement accounts, pension plans, and the moneys received therefrom are exempt from collection actions to satisfy a judgment.

However, accounts otherwise exempted under NYCPLR §5205 are also subject to an exception: "Additions to an asset described in paragraph two . . . shall not be exempt from application to the satisfaction of a money judgment if . . . made after the date that is ninety days before the interposition of the claim on which such judgment was entered." *Id.* §5205(c)(5). Office Create argues that the Merrill RMC Accounts were subject to this ninety-day "look-back period," triggering the exception, and thereby exposing the accounts to collection under New York law. Specifically, Office Create contends that, because the arbitration proceedings underlying the judgment commenced on April 6, 2021, and the Merrill RMC Accounts were opened after January 6, 2021, "the funds in each of the accounts *are not exempt*." App'x at 22 (emphasis in original). Appellees argue that the exception in NYCPLR §5205(c)(5) is of no effect in this case, however, because it is preempted by ERISA's anti-alienation provision.

Office Create argues that ERISA does not preempt NYCPLR §5205(c)(5), relying heavily on a district court decision, *VFS Financing, Inc. v. Elias-Savion-Fox*

*LLC*, 73 F. Supp. 3d 329 (S.D.N.Y. 2014). Office Create contends that the *VFS Financing* Court "rendered an unequivocal holding: 'The Court holds that ERISA does not preempt this statute.'" Appellant's Br. at 16 (quoting *VFS Fin., Inc.*, 73 F. Supp. 3d at 332). A district court decision, of course, is not binding on this Court. But in any event, *VFS Financing* does not address the question presented here: whether ERISA preempts the exception from exemptions provided in NYCPLR §5205(c)(5) for pension plan accounts. Indeed, *VFS Financing* does not relate to pension plans at all, but to IRA accounts. That difference is significant, because pension plan accounts are special under ERISA. As the District Court here stated, *VFS Financing*

> involved "SRA/IRA" accounts that are not covered by ERISA's anti-alienation provision. That point was central to the court's distinction of an earlier decision, [*Merrill*,] which held that ERISA *does* preempt section 5205(c) as it applies to pension plans. *See VFS Fin.*, 73 F. Supp. 3d at 347 n.8 (explaining that *Merrill* was "easily distinguished" because it involved pension plans, which, unlike individual retirement accounts, are covered by ERISA's anti-alienation provision).

*Off. Create Corp.*, 2024 WL 1638728, at *4 n.4 (citations omitted); *see VFS Fin., Inc.*, 73 F. Supp. 3d at 347 n.8 ("Unlike IRAs, *pension plans are covered by ERISA's anti-alienation clause*, and the court [in *Merrill*] logically emphasized the strength of ERISA's anti-alienation provision in finding preemption of state anti-

garnishment law as to such plans." (emphasis added; citation and quotation marks omitted)); *cf. Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 836 (1988) (noting that "ERISA §206(d)(1) bars . . . the alienation or assignment of benefits provided for by ERISA *pension* benefit plans" but no such provision applies to "ERISA *welfare* benefit plans").

Both the plain language of ERISA and the precedent interpreting it make clear that pension plan funds are exempt from attachment to satisfy a money judgment. *See Mackey*, 486 U.S. at 837 ("[T]here is no ignoring the fact that, when Congress was adopting ERISA, it had before it a provision to bar the alienation or garnishment of ERISA plan benefits, and chose to impose that limitation only with respect to ERISA *pension benefit plans*." (emphasis added)); *Guidry*, 493 U.S. at 371 (endorsing the view that "ERISA erects a general bar to the garnishment of *pension benefits* from plans covered by the Act" (emphasis added)); 29 U.S.C. §1056(d)(1) ("Each *pension plan* shall provide that benefits provided under the plan may not be assigned or alienated." (emphasis added)).[7]

---

[7] Office Create also argues that *Travelers Insurance Company*, 514 U.S. 645, requires a different result. *See* Appellant's Br. at 36 ("Had the district court applied the holding of *VFS Financing* or performed the Post-1995 Test [established in *Travelers Insurance Company*] itself, it would have necessarily concluded §5205(c)(5) is not preempted by ERISA."); *VFS Fin., Inc.*, 73 F. Supp. 3d at 342 ("In 1995 . . . the Court [in *Travelers Insurance Company*] adopted a narrower reading of ERISA's

16

In sum, (1) Congress's "clear and manifest purpose" in enacting ERISA's anti-alienation provision was to protect pension funds, including against collection by creditors, *Liberty Mut. Ins. Co.*, 746 F.3d at 506 (quoting *Travelers Ins. Co.*, 514 U.S. at 655), and (2) permitting recovery of money judgments from such funds under the exception from exemption in NYCPLR §5205(c)(5) presents a direct conflict with ERISA's anti-alienation provision, *see Arizona v. United States*, 567 U.S. 387, 399 (2012).  Accordingly, NYCPLR §5205(c)(5) is preempted by ERISA.

## IV.    CONCLUSION

For the foregoing reasons, we conclude that ERISA preempts NYCPLR §5205(c)(5).  Accordingly, we conclude that the District Court did not err in denying Office Create's objection to Appellees' claim of exemption as to the Merrill RCM Accounts.  The judgment of the District Court is **AFFIRMED**.

---

preemption clause, so as to re-focus the ERISA preemption inquiry on whether the state law at issue in fact presented a functional conflict to the ERISA regime.").  This argument, too, fails.  As the court in *VFS Financing* observed, "the modern, functional test of ERISA preemption [following *Travelers Insurance Company*] . . . asks whether a state law conflicts with ERISA's program or objectives."  73 F. Supp. 3d at 344.  Applying that "modern, functional test," we conclude that NYCPLR §5205(c)(5) does in fact conflict with ERISA's objectives, and it is therefore preempted.